KCB:DEL/KM
F. #2024R00674

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JOSEPH CUTAIA,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
\*   DECEMBER 5, 2024   \*
BROOKLYN OFFICE

I N D I C T M E N T

Cr. No. __24-CR-501_____
(T. 18, U.S.C., §§ 924(d)(1),
981(a)(1)(C), 1951(a), 1952(a)(3)(A),
2314, 2 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

**Judge Margo K. Brodie**
**Magistrate Judge Cheryl L. Pollak**

THE GRAND JURY CHARGES:

## COUNT ONE
(Hobbs Act Extortion Conspiracy – John Doe #1)

1. In or about and between August 2023 and June 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH CUTAIA, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and others agreed to obtain property, to wit: proceeds of Commercial Business #1, a New York, New York entity the identity of which is known to the Grand Jury, paid as salary to John Doe #1, an individual whose identity is known to the Grand Jury, with his consent, which consent was to be induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT TWO
(Hobbs Act Extortion – John Doe #1)

2. In or about and between August 2023 and June 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH CUTAIA, together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and others obtained property, to wit: proceeds of Commercial Business #1 paid as salary to John Doe #1, with his consent, which consent was induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT THREE
(Use of Interstate Facilities to Commit Extortion)

3. In or about and between August 2023 and June 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH CUTAIA, together with others, did knowingly and intentionally travel in interstate and foreign commerce and use one or more facilities in interstate and foreign commerce with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of one or more unlawful activities, to wit: the crime charged in Count Two, and thereafter performed and attempted to perform the promotion, management, establishment, carrying on and facilitation of the promotion, management, establishment and carrying on of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(3)(A), 2 and 3551 et seq.)

## COUNT FOUR
(Attempted Hobbs Act Extortion – John Doe #2)

4.  On or about April 18, 2024, within the Eastern District of New York and elsewhere, the defendant JOSEPH CUTAIA, together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and others attempted to obtain property, to wit: proceeds of Commercial Business #2, a Brooklyn, New York entity the identity of which is known to the Grand Jury, from John Doe #2, an individual whose identity is known to the Grand Jury, with his consent, which consent was to be induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT FIVE
(Use of Interstate Facilities to Commit Extortion)

5.  On or about April 18, 2024, within the Eastern District of New York and elsewhere, the defendant JOSEPH CUTAIA, together with others, did knowingly and intentionally travel in interstate and foreign commerce and use one or more facilities in interstate and foreign commerce with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of one or more unlawful activities, to wit: the crime charged in Count Four, and thereafter performed and attempted to perform the distribution of the proceeds of such unlawful activity and the promotion, management, establishment, carrying on and facilitation of the promotion, management, establishment and carrying on of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(3)(A), 2 and 3551 et seq.)

## COUNT SIX
(Transportation of Stolen Property)

6.    In or about and between April 18, 2024 and April 22, 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSEPH CUTAIA did knowingly and intentionally transport in interstate and foreign commerce goods, wares and merchandise valued at $5,000 or more, to wit: two watches, knowing the same to have been stolen, converted and taken by fraud.

(Title 18, United States Code, Sections 2314 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE THROUGH FIVE

7.    The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One through Five, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any violation of any other criminal law of the United States.

8.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

5

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

  (Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT SIX

  9. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Six, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

  10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

*/s/ Foreperson*
FOREPERSON

By: *Whitman G.S. Knapp, AUSA*
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK