

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DEL/KM  
F.#2024R00674

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 6, 2024

**BY ECF**

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Cutaia
                  Criminal Docket No. 24-CR-501 (MKB)

                  United States v. Cutaia et al.
                  Criminal Docket No. 10-CR-10 (ENV)

Dear Chief Judge Brodie and Judge Vitaliano:

        Pursuant to Local Rule 4 of the Rules for the Division of Business for the Eastern District of New York, the government respectfully writes to notify the Court that United States v. Cutaia, Docket No. 24-CR-501 (the "Cutaia Indictment") is presumptively related to the existing and forthcoming violations of supervised released in United States v. Cutaia et al., Docket No. 10-CR-10 (ENV), a matter pending before the Honorable Eric Vitaliano, United States District Judge (the "Cutaia VOSR").

I.   Background

    A.  Cutaia Indictment

On December 5, 2024, a grand jury in this District returned an indictment in Cutaia charging Joseph Cutaia with Hobbs Act extortion conspiracy in violation of 18 U.S.C. § 1951(a) (Count One), Hobbs Act extortion in violation of 18 U.S.C. § 1951(a) (Count Two), the use of a facility of interstate commerce to commit extortion in violation of 18 U.S.C. § 1952(a)(3)(A) (Count Three), attempted Hobbs Act extortion in violation of 18 U.S.C. § 1951(a) (Count Four), the use of a facility of interstate commerce to commit extortion in violation of 18 U.S.C. § 1952(a)(3)(A) (Count Five), interstate transportation of stolen property in violation of 18 U.S.C. § 2314 (Count Six).  The charges stem from a scheme by Cutaia and others in 2023 and 2024 to target local merchant cash advance businesses for monetary payments while Cutaia was serving a three-year term of supervised release in United States v. Cutaia, 10-CR-10 (ENV) (the "2010 Case").

    B.  Cutaia VOSR

Cutaia currently faces 13 charges stemming from violations of his federal supervised release in the 2010 Case before Judge Vitaliano.  The existing charges include failure to report multiple contacts with law enforcement agencies, failure to report to the Probation Department as instructed, and failure to report a change in address.  The undersigned assistant was informed by the Probation Department that Probation intends to file additional violation charges based on the conduct charged in the Cutaia Indictment in the coming weeks.

II.  Discussion

Rule 4(b)(1) provides for a "presumption that one case is 'related' to another when the facts of each arise out of the same charged criminal scheme(s), transaction(s), or event(s), . . . or when the same criminal conduct is charged in an indictment and a violation of probation or supervised release."  Rule 4(c)(1) directs the United States Attorney's Office to "give notice to all relevant judges whenever it appears that one case may be related to another pursuant to Rule 4(b)."

This letter constitutes the notice directed by Rule 4(c)(1).  The Cutaia Indictment is presumptively related to the existing charges in Cutaia VOSR and the forthcoming charges in the Cutaia VOSR.  Specifically, as to the existing charges in the Cutaia VOSR, the facts underlying those charges are relevant to the criminal conduct charged in the Cutaia Indictment, including information about Cutaia's residence, location, vehicle and cell phone use in 2023 and 2024.  The forthcoming charges which are being prepared by the Probation Department arise directly from the criminal scheme charged in the Cutaia Indictment.  Furthermore, the government anticipates an overlap in witness testimony should the Cutaia Indictment and Cutaia VOSR proceed to a trial or hearing.  Accordingly, the government provides notice the cases are presumptively related.

As the cases are presumptively related, the government respectfully submits that reassignment would be appropriate, as it would likely result in a significant savings of judicial resources and serve the interests of justice.

Respectfully submitted,

BREON PEACE
United States Attorney

By:      /s/
Devon Lash
Kate Mathews
Assistant United States Attorneys
(718) 254-6014 (Lash)

cc:     Clerk of Court (ENV) (by Email)
        Clerk of Court (MKB) (by ECF and Email)
        Thomas Mirigliano, Esq. (counsel in the Cutaia VOSR) (by ECF and Email)